# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 8, 1916.

SARAH E. PHILBIN

VS.

RAPHAEL McPHERSON PHILBIN, ET AL.

*O. I. Yellott* and *J. Leroy Hopkins* for plaintiff.

*C. J. Bonaparte* and *William J. Kennedy* for defendants.

DAWKINS, J.—

Gentlemen, I have asked you to come here in connection with this case that I took under consideration a day or two ago.

I feel it is a matter that ought to be promptly decided. I have not had an opportunity to reduce to writing what I might think about it.

It seems to me the only excuse for granting the relief that is sought is the alleged action of counsel.

Having gone carefully over the facts, as I understood them at the former hearing, taken in connection with what I have heard at this hearing, and the case submitted, I think it is only due to the counsel in the case, representing the defendant in the former trial, to say that, in my judgment, they have not been shown to have done anything that is in any way reprehensible.

It is possible, if we are to accept the statements made by the defendant, that they might not have been as watchful of the case at times as some other persons might have been, but in view of their positive statements that they tried to get every possible bit of information, and that Mr. Philbin was constantly at their office, I can not feel but that their statements are correct. I believe that they did try to get out of the various statements and discussions such an accurate statement as would justify them in filing an answer upon which they could rely upon. They certainly did use the most energetic efforts in presenting the testimony at the former hearing. I recall very well now how, over the protest of counsel for the plaintiff, the defendant was allowed to go into every possible phase of the situation from his viewpoint, so, I think, that whatever I may conclude, it is due to them to say that apart from their very clear and definite statements as to their conduct in dealing with their client, that there is nothing that can be fairly criticized.

The answer that was filed to the bill admits practically all the things that are now being denied—the possession of the property and the collection of the rents; the answer, too, demands a full proof of the account claimed to be due the plaintiff, alleging that the defendant has no knowledge of the tax sale and no knowledge of the other things referred to in the bill. That answer is signed. With the carefulness and the knowledge manifested by the defendant, I can not believe that he did not read that answer as he is said to have done by counsel. I can not believe but that he got that copy of the bill and took it to his counsel and, as they say, went over it paragraph by paragraph. Certainly there is no denial at any time until this recent proceeding but that he did answer, and that was six months ago.

The real issue, it seems to me, as now presented, is whether the question of title, I mean that of real title, or title by adverse possession or otherwise, can be determined in a proceeding of this kind. I fully agree with the law, as presented, that you can not determine the question of title, or adverse title, of this character merely upon a petition for the division of the property.

In the 60 Maryland case there were two different sets of alleged heirs. If the contention of one set were true, there could be no doubt about the other people not being entitled to the prop-

erty, but that does not seem to be the question in this case. If there is a question of the claim of title by adverse possession, or otherwise, then the court may retain the bill, but in retaining the bill to wait for a question of that kind to be decided, it seems to me we are compelled to ascertain whether there is a reasonable color of title.

We have gone into the facts, as they did in most of the cited cases, and allowed both sides to present testimony. I do not think the court would be justified in stopping a proceeding for partition merely upon a chimerical or fancied claim of title. I do not believe it was ever the intention of the law, merely because an agent, forsooth, may be collecting rents, may have been collecting rents for a long time (his answer in the first case said he did not know how the rents stood, and did not know about the tax sale), should, upon that kind of apparent color of title, allow that party to come in and delay the proceedings, as is sought to be done in this case. Apart from that, it does not seem to me it could ever have been intended—it could not be the law—that the court should be deprived of all reasonable discretion in allowing the relief sought.

If this sort of defense had been made in the beginning, and I believe if it ever existed it would have been made, possibly then there might have been some pretext for delaying the case; but it was not made. If the defendant did own the property then he could have said so; he did not say it. He admitted at the hearing that the brother had paid the taxes; he did not deny the tax sale; he did not say then that the property was in the name of his father originally and had been conveyed to him; did not say any of those things. The defendant has had every opportunity to answer this bill and present his defense. We are dealing with a defendant who knew his rights, who knew his holdings, knew his interest, if he had any, who sat by and did nothing to fix his title, neither in his answer nor in his testimony at the hearing. I think the doubtful proposition of the witness who had his finger cut and in that way remembered some conversation many years ago with the mother would hardly establish a color of title. I do not think upon that mere assertion that we should vacate all of these proceedings and let the defendant come in now as an afterthought and file a new answer.

Considering the apparent merits of the case, whether we accept the defendant's statements as correct or not, we might just as well say that we would believe the lady who said the mother, before her death, stated she intended to make a will and dispose of the property. That, certainly, is just as conclusive on that proposition as the testimony of the gentleman who had his finger cut.

I think we are quite safe in feeling that we must look to the real record muniment of title, and that is the deed to the mother. It is unreasonable to believe that the defendant should have kept the deed to him from the mother off record from 1892 until 1905. He has made no effort at all to place anything on record to cure the absence of the deed and has done nothing at all to set up title until after the case has been concluded. The matter is now sought to be reopened. It does seem to me that these explanations are so very vague and indefinite that upon that kind of pretext the court would not be justified in delaying these proceedings.

Without referring to the other cases cited, it seems to me that in the case of Haynes, in 6 Maryland, there was a definite contract to sell the land, and the circumstances of the sale were fully discussed. The other cases, along with other propositions, establish the fact that if there was a possession of one of the joint owners there was a possession of all. An ouster will not be presumed necessarily from exclusive handling by one of the co-tenants. A person who owned the property would know that a tax sale had taken place. All of these things taken in connection with the circumstances have disclosed ought not to leave any doubt as to the proper action in this case. I have given the matter the very best consideration that I could, fearing that possibly at the hearing I might have formed some idea that could be dislodged by holding it, I have carefully gone over this case and feel that the petition should be dismissed. That, I suppose, will dispose of this branch of the case. If you prepare an order in accordance with the view expressed, gentlemen, I will sign it.